**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**MEC, INC. d/b/a THE PONY**                                                          **PLAINTIFF**

**v.**                                                                      **CAUSE NO. 1:16cv151-GHD-RP**

**LOWNDES COUNTY BOARD OF SUPERVISORS;**
**LOWNDES COUNTY CHANCERY CLERK;**
**LOWNDES COUNTY; AND JOHN DOES 1-10**                             **DEFENDANTS**
_____

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,**
**LOWNDES COUNTY BOARD OF SUPERVISORS, LOWNDES COUNTY CHANCERY CLERK**
**AND LOWNDES COUNTY, MISSISSIPPI**
_____

**NOW COME** Defendants, the Lowndes County Board of Supervisors, the Lowndes County Chancery Clerk, and Lowndes County, Mississippi (collectively herein the "Lowndes County Defendants"), by and through their counsel of record, and submit this their Answer and Affirmative Defenses to the Amended Complaint filed herein against them by Plaintiff and in response thereto would show as follows:

**FIRST DEFENSE**

Defendants hereby specifically and affirmatively assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on their behalf or in their favor. Defendants reserve the right to further supplement these preliminary defenses via separate motion.

**SECOND DEFENSE**

Plaintiff failed to effect service of process on Defendants within 120 days from filing of its Amended Complaint, pursuant to FED. R. CIV. P. 4(m), and accordingly, Plaintiff's

Amended Complaint should be dismissed.

### THIRD DEFENSE

Defendants possess immunity, whether qualified, absolute and/or sovereign, herein from suit and/or liability and/or damages.

### FOURTH DEFENSE

Defendants hereby affirmatively assert all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor as set forth in MISS. CODE ANN. § 11-46-1 *et seq.*, specifically including MISS. CODE ANN. §§ 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-17. Included in these defenses is Defendants' right to a non-jury trial by the Court on all State law issues pertaining to them, which is hereby prayed for. To the extent that Plaintiff's Amended Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims, Defendants move the Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

### FIFTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

Defendants did not breach any duty owed to the Plaintiff, nor did they violate any right or privilege of the Plaintiff, and are, therefore, not liable in damages.

### SEVENTH DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing suit, which is a prerequisite to filing a Fifth Amendment takings claim. *see eg. Diamond Fields, LLC v. Rankin County*, No. 3:09cv451-CWR, 2011 WL 8198518, at *9, n. 7 (S.D. Miss. Sept. 30,

2

2011).  For this reason, standing alone, Plaintiff's Amended Complaint should be dismissed with prejudice.

## EIGHTH DEFENSE

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and Defendants are, therefore, not liable in damages.

## NINTH DEFENSE

As a matter of law, Plaintiff is not entitled to any relief from Defendants.

## TENTH DEFENSE

Plaintiff's damages, if any, are the sole proximate result of actions or omissions of a person or persons other than these Defendants, and Plaintiff's claims for damages are barred in their entirety as to these Defendants, or are subject, as appropriate, to apportionment under MISS. CODE ANN. § 85-5-7.

## ELEVENTH DEFENSE

Defendants hereby specifically plead that if the allegations of the Amended Complaint are true, Plaintiff is or may be guilty of either contributory negligence or affirmative conduct in connection with the events about which it complains.  To the extent events that form the subject matter of Plaintiff's Amended Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

## TWELFTH DEFENSE

Alternatively, Plaintiff's alleged injuries were caused, unforeseeably, by persons, forces or entities for whom / which these Defendants are neither liable, nor responsible such being intervening, superseding causes, breaking any alleged causative link to these

Defendants.

## THIRTEENTH DEFENSE

**NOW COME** Defendants, the Lowndes County Board of Supervisors, the Lowndes County Chancery Clerk, and Lowndes County, Mississippi (collectively herein the "Lowndes County Defendants"), by and through counsel, and state that unless specifically admitted herein, these Defendants deny all allegations of the Amended Complaint.

## FOURTEENTH DEFENSE

For answer to the allegations of the Amended Complaint, the Lowndes County Defendants state:

## I. JURISDICTION AND VENUE

1.      In response to ¶ 1 of Plaintiff's Amended Complaint, Defendants admit that federal question jurisdiction exists herein on the basis of Plaintiff filing a claim pursuant to 42 USC § 1983.  Because Plaintiff's takings claim is unripe, these Defendants specifically deny that this Court has subject matter jurisdiction.  Except where otherwise specifically admitted, the allegations in ¶ 1 of Plaintiff's Amended Complaint are denied.

2.      In response to ¶ 2 of Plaintiff's Amended Complaint, Defendants admit that venue is proper with the United States District Court for the Northern District of Mississippi, Aberdeen Division.  Except where otherwise specifically admitted herein, the allegations in ¶ 2 of Plaintiff's Amended Complaint are denied.

## II. PARTIES

3.      In response to the allegations in ¶ 3 (misnumbered ¶ 1) of Plaintiff's Amended Complaint, the Lowndes County Defendants admit that MEC, Inc. is a Mississippi corporation with its principal office address being listed as 1209 Highway 45 N. Alt., West

Point, Mississippi 39759. Except where otherwise specifically admitted herein, the allegations in ¶ 3 (misnumbered ¶ 1) of Plaintiff's Amended Complaint are denied.

4. In response to the allegations in ¶ 4 (misnumbered ¶ 2) of Plaintiff's Amended Complaint, the Lowndes County Defendants admit that the Lowndes County Board of Supervisors may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 4 (misnumbered ¶ 2) of Plaintiff's Amended Complaint are denied.

5. In response to ¶ 5 (misnumbered ¶ 3) of Plaintiff's Amended Complaint, Defendants admit that Lowndes County, Mississippi is a political subdivision within the State of Mississippi. These Defendants further admit that Lowndes County is subject to and complied with any and all rules, laws and regulations applicable to it, and that it may be served with process by service its Chancery Clerk. Except where otherwise specifically admitted herein, the allegations in ¶ 5 (misnumbered ¶ 3) of Plaintiff's Amended Complaint are denied.

6. In response to the allegations in ¶ 6 (misnumbered ¶ 4) of Plaintiff's Amended Complaint, the Lowndes County Defendants admit that the Lowndes County Chancery Clerk may be served with process according to law. Except where otherwise specifically admitted herein, the allegations in ¶ 6 (misnumbered ¶ 4) of Plaintiff's Amended Complaint are denied.

7. As the Plaintiff has not identified the John Doe 1-10 defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, and accordingly deny the allegations in ¶ 7 (misnumbered ¶ 5) of Plaintiff's

Amended Complaint. Except where otherwise specifically admitted herein, the allegations in ¶ 7 (misnumbered ¶ 5) of Plaintiff's Amended Complaint are denied.

### III. FACTS

8. In response to the allegations in ¶ 8 (misnumbered ¶ 6) of Plaintiff's Amended Complaint, the Lowndes County Defendants admit that Lowndes County, Mississippi adopted and passed a "Nightclub and Nightclub Promoter Ordinance." Except where otherwise specifically admitted herein, the allegations in ¶ 8 (misnumbered ¶ 6) of Plaintiff's Amended Complaint are denied.

9. The allegations in ¶ 9 (misnumbered ¶ 7) of Plaintiff's Amended Complaint are denied.

10. The allegations in ¶ 10 (misnumbered ¶ 8) of Plaintiff's Amended Complaint are denied.

11. The allegations in ¶ 11 (misnumbered ¶ 9) of Plaintiff's Amended Complaint are denied.

12. The allegations in ¶ 12 (misnumbered ¶ 10) of Plaintiff's Amended Complaint are denied.

### PRAYER FOR RELIEF

13. The Lowndes County Defendants deny any and all allegations in the unnumbered paragraph of Plaintiff's Amended Complaint, beginning with the phrase "WHEREFORE, the above premises considered . . .", including but not limited to subsections and/or subparagraphs (1.) through (8.). These Defendants specifically deny that Plaintiff is entitled to judgment against them, or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically

including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  These Defendants deny that Plaintiff is entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiff has no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiff's Amended Complaint, and having denied any and all liability herein, Defendants, the Lowndes County Board of Supervisors, the Lowndes County Chancery Clerk, and Lowndes County, Mississippi (the "Lowndes County Defendants"), set forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

To the extent that either the Lowndes County Board of Supervisors or the Lowndes County Chancery Clerk are sued in their individual capacities, these Defendants are entitled to qualified and/or absolute immunity from suit and/or liability and/or damages herein.

## SECOND AFFIRMATIVE DEFENSE

Lowndes County, Mississippi and the official capacity Defendants are entitled to sovereign and/or absolute immunity from suit and/or liability and/or damages.

## THIRD AFFIRMATIVE DEFENSE

These Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Amended Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 and/or the Mississippi Tort Claims Act,

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against these Defendants.

## FIFTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith reliance upon then existent law and are entitled to sovereign, qualified and/or absolute immunity or a special good faith defense.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff, at the times complained of, was guilty of affirmative conduct proximately causing its alleged harms, and accordingly, any recovery herein must be reduced under the applicable principles of comparative negligence or comparative fault or, if established to be the proximate cause, bar its recovery entirely.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants would show that certain of the forms of relief requested by Plaintiff are or may be beyond the subject matter jurisdiction of this Court.  Alternatively, certain of the claims for relief alleged by Plaintiff are misjoined and are not properly to be asserted as affirmative civil claims for relief under the procedural vehicle of 42 U.S.C. § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges and immunities available unto them under applicable state and federal law.  Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

**NINTH AFFIRMATIVE DEFENSE**

Defendants, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and are guilty of no wrongful or tortious conduct.

**TENTH AFFIRMATIVE DEFENSE**

Alternatively, to the extent, if any, Plaintiff's Amended Complaint, with amendments, if any, purports to state a cause of action against Defendants based upon any state law theory, Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Amended Complaint, with amendments, if any, seeks any award or assessment of punitive damages against Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, Section 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, Section 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiff's claim for punitive damages of, from or against Defendants is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

9

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded it by the United States Constitution or applicable federal or state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

No custom, policy or practice attributable to Lowndes County proximately caused any harm to the Plaintiff. Likewise, no such custom, policy or practice evinced, or was maintained with, deliberate or willful indifference.

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of the Lowndes County Defendants, including Lowndes County. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to Defendants or to their employer.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiff's Amended Complaint, and the conduct complained of, does not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had lawful justification for all actions undertaken by them.

10

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants have no liability to Plaintiff herein pursuant to 42 U.S.C. § 1988 as Plaintiff is not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983.  Defendants, however, are entitled to attorneys' fees herein, pursuant to 42 U.S.C. § 1988 or otherwise, as Plaintiff's claims are unreasonable, groundless and in bad faith.  Defendants, further, are entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiff herein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of Defendants proximately caused any harm, loss or deprivation to Plaintiff. At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification.  Further, Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.  Plaintiff suffered no serious injury and its allegations do not arise to the level of a constitutional tort.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any punitive damages against Defendants, as to the state law claims, pursuant to MISS. CODE ANN. § 11-46-15, as amended.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of its own actions and/or omissions, or those of other persons for whom these Defendants are neither liable nor responsible.  Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault.  Further, Defendants affirmatively assert

11

and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively state that they cannot be held liable herein for damages under any principles of agency or *respondeat superior* for the actions or omissions of any other party herein.

### TWENTIETH AFFIRMATIVE DEFENSE

At all times complained of, Defendants acted both reasonably and prudently and in the exercise of either statutory authority or legitimate and lawful justification, and to the extent that Plaintiff's Amended Complaint complains of these Defendants' activities, all such activities were performed with legitimate and lawful justification and for no improper purpose.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants are not guilty of conduct amounting to deliberate indifference to the rights or needs of Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As there has been no discovery in this litigation, these Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, collateral estoppel, statute of limitations, waiver, laches, merger and bar.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to effect service of process on Defendants within 120 days from filing

of its Amended Complaint, pursuant to FED. R. CIV. P. 4(m), and accordingly, Plaintiff's Amended Complaint should be dismissed.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust its administrative remedies prior to filing suit, which is a prerequisite to filing a Fifth Amendment takings claim.  *see eg. Diamond Fields, LLC v. Rankin County*, No. 3:09cv451-CWR, 2011 WL 8198518, at *9, n. 7 (S.D. Miss. Sept. 30, 2011).  Because Plaintiff's Fifth Amendment takings claim is not ripe, Plaintiff's Amended Complaint should be dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the general three-year statute of limitations of MISS. CODE ANN. § 15-1-49, the one-year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts," and/or the MTCA / MISS. CODE ANN. § 11-46-11.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Lowndes County was authorized and empowered to enact the Nightclub and Nightclub Promoter Ordinance pursuant to statute, including but not limited to MISS. CODE ANN. § 67-3-65.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot show that the Nightclub and Nightclub Promoter Ordinance does not substantially advance legitimate state interests or denies Plaintiff economically viable use of its land, and accordingly, any and all claims against the Lowndes County Defendants should be dismissed.

13

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks any form of injunctive relief, if any, it has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Lowndes County Board of Supervisors, the Lowndes County Chancery Clerk, and Lowndes County, Mississippi, deny that Plaintiff is entitled to any relief whatsoever, and respectfully request Plaintiff's Amended Complaint and this civil action be dismissed with prejudice, with all costs and attorneys' fees assessed against Plaintiff pursuant to 42 U.S.C. §1988, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED**, this the 24th day of January, 2017.

> **LOWNDES COUNTY BOARD OF SUPERVISORS,**
> **THE LOWNDES COUNTY CHANCERY CLERK,**
> **AND LOWNDES COUNTY, MISSISSIPPI –**
> **DEFENDANTS**
>
> **BY:**    _/s/ Jason E. Dare_
>             **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:    (601) 987-5300
Facsimile:    (601) 987-5353

<u>**CERTIFICATE OF SERVICE**</u>

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

Jeffrey Hosford, Esq. ([jeffhosford@gmail.com](mailto:jeffhosford@gmail.com))
Hosford Law Firm
115-A S Lafayette
Starkville, MS  39759-2946

**THIS,** the 24th day of January, 2017.

_/s/  Jason E. Dare_
**JASON E. DARE**