IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MEC, INC. d/b/a THE PONY     PLAINTIFF

v.     CIVIL ACTION NO. 1:16-cv-00151-GHD-RP

LOWNDES COUNTY BOARD OF SUPERVISORS;
LOWNDES COUNTY CHANCERY CLERK;
LOWNDES COUNTY, MISSISSIPPI; and JOHN DOES 1-10     DEFENDANTS

## OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendants' motion for summary judgment [Doc. No. 38]. Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

### I. *Factual and Procedural Background*

Since 2008, the Plaintiff MEC, Inc. d/b/a/ The Pony, has operated an adult entertainment club (known as The Pony) on Highway 45 Alternate North in Lowndes County. On August 15, 2013, the Defendant Lowndes County Board of Supervisors ("the Board of Supervisors") passed an ordinance known as the Nightclubs and Nightclub Promoter Ordinance ("the Ordinance") that restricts, *inter alia*, the operating hours of nightclubs[1] in Lowndes County. *See* Ordinance, Doc. No. 37-2. The Ordinance further provides that nightclubs may apply for a "restaurant exemption" to the Ordinance's restricted hours provision, which, if approved by the Board of Supervisors, will permit qualifying establishments to maintain longer operating hours than nightclubs are allowed under the Ordinance. *Id.*

On February 10, 2015, the Plaintiff applied to the Board of Supervisors for a restaurant exemption under the Ordinance. *See* Plaintiff's Amended Compl., Doc. No. 35, at ¶ 6. Following

---

[1]     The parties agree, for purposes of this motion, that The Pony is a nightclub as defined by the Ordinance.

1

a September 10, 2015, hearing in front of the Board's Nightclub Regulation Committee ("the Committee"), the Committee unanimously recommended that the Plaintiff's request for an exemption be denied. *See* Denial of Exemption, Doc. No. 37-7. The Plaintiff appealed that recommendation to the full Board of Supervisors, which held public hearings on the Plaintiff's request on November 13, 2015, and again on December 7, 2015. *See* Transcript of Proceedings and Minutes of Proceedings, Doc. No. 37-7. Following the December 7, 2015, public hearing, the Board of Supervisors voted 3-2 to deny an exemption to the Plaintiff, stating in its written Order that the Committee and the Board were "not satisfied the business was in fact a bona-fide restaurant and separate from the nightclub operation." *See* Board Order, Doc. No. 37-6; and Minutes of Proceedings, Doc. No. 37-7.

The Plaintiff then timely appealed the Board of Supervisors' Order to the Circuit Court of Lowndes County on December 16, 2015, via a Bill of Exceptions (subsequently amended on June 30, 2016), in which the Plaintiff appealed the denial of its application for a restaurant exemption and alleged that the Ordinance was unconstitutional and that its provisions amounted to a "taking" of the Plaintiff's property rights (the same claims as asserted in the case *sub judice*). That court held a hearing on the appeal on July 21, 2016, and on January 6, 2017, issued an Order that denied and dismissed with prejudice the Plaintiff's appeal on the merits, specifically holding both that there was no "taking" of the Plaintiff's property or deprivation of its due process rights, and that the Board of Supervisors' decision was not arbitrary or capricious. *See* Circuit Court Order, Doc. No. 37-8. The Plaintiff did not appeal the Circuit Court of Lowndes County's Order to the Mississippi Supreme Court.

This litigation followed, with the Plaintiff filing its Amended Complaint on May 25, 2017, asserting that the Ordinance's provisions resulted in an unlawful taking of the Plaintiff's property

2

and that the Defendants' conduct has violated the Plaintiff's due process rights. Plaintiff seeks, *inter alia*, compensatory and punitive damages as well as an immediate restaurant exemption under the Ordinance. *See* Plaintiff's Amended Compl., Doc. No. 35, at pp. 3-5. Defendants now move for summary judgment as to the Plaintiff's claims.

## *II. Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 477 U.S. 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 477 U.S. 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-

moving party. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III.   Analysis and Discussion*

The Defendants argue that summary judgment is appropriate on all claims asserted in the case *sub judice* because, *inter alia*, the claims are barred by the doctrine of *res judicata*. Specifically, the Defendants argue that application of the doctrine of *res judicata* is proper because the claims and issues to be litigated in the case *sub judice* were previously litigated and dismissed with prejudice by the Circuit Court of Lowndes County.

### *A. Res Judicata*

Because the judgment at issue was issued by the Circuit Court of Lowndes County, which is a state court, the Court must look to Mississippi law in applying the doctrine of *res judicata*. 28 U.S.C. § 1738; *see Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–482, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331–32, 84 L. Ed. 2d 274 (1985); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017), *as revised* (June 8, 2017); *Cox v. Nueces Cty.*, 839 F.3d 418, 421 & n.3 (5th Cir. 2016).

Accordingly, the Court refers to Mississippi law, which states that *res judicata* applies to judgments that are "final and on the merits," and provides that "when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigating claims that were decided <u>or could have been raised</u> in that action." *Anderson v. LaVere*, 895 So. 2d 828, 833 (Miss. 2004) (emphasis added); *Dean v. Mississippi Bd. Of Bar Admissions*, 394 Fed. App'x 172, 175 (5th Cir. 2010); *Diamond Fields, LLC v. Rankin County*, No. 3:09CV451-CWR-FKB, 2011 WL 8198518, at *6 (S.D. Miss. Sept. 30, 2011).

In addition to a final judgment on the merits, the following four identities must be present in order to establish *res judicata* under Mississippi law: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 232 (Miss. 2005); *Diamond Fields, LLC v. Rankin County*, No. 3:09cv451, 2011 WL 8198518, at *6 (S.D. Miss. Sept. 30, 2011). The Court shall analyze each of these elements in turn.

### 1. Final Judgment on the Merits

First, it is axiomatic that, under Mississippi law and pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure, a dismissal, other than a dismissal "for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19," operates as an adjudication on the merits under Mississippi law for *res judicata* purposes. Miss. R. Civ. P. 41(b); *Anderson v. Bank of America*, No. 2:09cv183, 2009 WL 3647516, at *5 (S.D. Miss. Nov. 3, 2009) (holding that dismissal with prejudice "was a final judgment on the merits for *res judicata* purposes.").

In the case *sub judice*, as described above and as prescribed under Mississippi law, the Circuit Court of Lowndes County issued a final judgment on the merits and dismissed the

Plaintiff's claims with prejudice, thereby squarely subjecting that Court's subject order, and thus the Plaintiff's claims herein, to *res judicata* effect. *See* Doc. No. 37-8. Specifically, after the Lowndes County Board of Supervisors effectively twice considered the Plaintiff's exemption request, first through the Nightclub Regulation Committee and then via the entire Board of Supervisors, the Plaintiff appealed the Board's order to the Circuit Court of Lowndes County via a Bill of Exceptions, which is the statutory "proper avenue for redress of alleged wrongs committed by a municipal board in its legislative capacity" and which applies to "any act" that aggrieves a party. Miss. Code. Ann. § 11-51-75; *Diamond Fields*, 2011 WL 8198518, at *7. That Court then fully considered the Plaintiff's arguments, examined the record, and dismissed the Plaintiff's claims with prejudice on the merits, holding that:

> Since there has been no "taking" of the Appellant's property as required by law, there has been no deprivation of the Appellant's due process rights. In addition, since the decision of the Board of Supervisors was not arbitrary or capricious the Appellant is not entitled to any relief. IT IS, THEREFORE, ORDERED AND ADJUDGED that the Appellant's appeal is hereby dismissed with prejudice and all costs taxed to the Appellant.

Circuit Court Order, Doc. No. 37-8. That litigation involved the same subject matter that gave rise to the Plaintiff's claims in the case *sub judice* and the Plaintiff was afforded a full and fair opportunity to litigate the claims it has asserted in this matter, both before the Board of Supervisors and in the Circuit Court of Lowndes County, thereby fulfilling the requirement for a final judgment on the merits. *Dean*, 394 Fed. App'x at 176; *Miller v. Pascagoula Mun, Sep. Sch. Sys.*, 263 F.3d 162 (5th Cir. 2001). The Court therefore finds that the Circuit Court of Lowndes County's January 6, 2017, Order operates as a final judgment on the merits for *res judicata* purposes.

### 2. Identity of the Subject Matter of the Action

Under Mississippi law, the subject matter of an action is defined as the "substance of the lawsuit." *Hill v. Carroll Co.*, 17 So. 3d 1081, 1082 (Miss. 2009). In the case *sub judice*,

both the Plaintiff's Bill of Exceptions that was filed in the Circuit Court of Lowndes County and the Plaintiff's complaint filed herein relate to the enactment of Lowndes County's Nightclub Ordinance and the denial of the Plaintiff's request for a restaurant exemption to that Ordinance. *See* Amended Bill of Exceptions, Doc. No. 39-3, and Plaintiff's Amended Complaint, Doc. No. 35. Accordingly, the Court finds that the subject matter in this litigation and the state court litigation are identical, and that this identity for the application of *res judicata* is therefore present.

### 3. Identity of the Cause of Action

The cause of action identity, for *res judicata* purposes, is defined in Mississippi law as "the underlying facts and circumstances upon which a claim has been brought." *Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (Miss. 2003). In other words, it is the underlying facts that matter for the purpose of applying *res judicata*, and not (as Plaintiff suggests, without citation to any authority) any differing legal theories relating to those facts. *See, e.g., City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 688 So. 2d 742, 749 (Miss. 1996) (holding that "a party may not relitigate and attempt to elude *res judicata* by raising a new legal theory" and "[b]ecause the underlying facts were the same, the city did not destroy the identity of cause of action by raising a new legal theory in the state action.").

In the case *sub judice*, the Plaintiff does not dispute that the underlying facts and circumstances in both this litigation and the state court litigation are identical – both involve the same Ordinance and the Plaintiff's unsuccessful attempt to apply for an exemption to that Ordinance. The Court therefore finds that this identity for the application of *res judicata* is clearly present.

### 4. Identity of the Parties

The Plaintiff concedes that the parties in this action are identical to the parties in

the state court litigation, and thus the Court finds that this identity is present. The Plaintiff herein was the Appellant in the state court action, and the Lowndes County Board of Supervisors, Lowndes County Chancery Clerk, and Lowndes County, Mississippi, all Defendants herein, were named as the Appellees in the state court litigation. The Court therefore finds that this identity for the application of *res judicata* is met.

### 5. Identity of the Quality or Character of a Person Against Whom the Claim is Made

The Plaintiff likewise concedes that this element is met. In any event, analysis of this element merely requires determining whether one of the parties appears in a different capacity in this case versus the capacity in which they appeared in the first litigation (such as appearing in a limited capacity in one case and appearing personally in the other case). In the case *sub judice*, this element is clearly met, as the Plaintiff concedes, because all the parties appear in both cases in the same capacity. The Court therefore finds that this identity for *res judicata* is met.

Accordingly, as analyzed above, the Court finds that all of the elements and identities for the application of the doctrine of *res judicata* are present in the case *sub judice* and that the subject state court judgment was a final judgment on the merits. The doctrine of *res judicata* therefore applies to the Plaintiff's claims and the Plaintiff's claims in the case *sub judice* are therefore barred. Dismissal of those claims is therefore appropriate and the Court finds that the Defendants' motion for summary judgment should accordingly be granted.

### *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains and summary judgment is appropriate. The Defendants' Motion for Summary Judgment [Doc. No. 38] is therefore GRANTED, the Plaintiff's claims are DISMISSED WITH PREJUDICE, and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of January, 2018.

_____
Senior Judge